USDC SCAN INDEX SHEET










NMC    11/21/03    11:20

3:03-CV-02276   MESROBIAN V. RIDGE

*1*

*PCSO.*

125921

ORIGINAL




```
SEVAK MESROBIAN[1]
A70-299-076
San Diego Detention Center (CCA)
PO Box 439049
San Ysidro, CA 92143-9049
```

FILED
03 NOV 18 PM 3:30
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

2254 ☒  1983 ___
FILING FEE PAID
Yes ___  No ☒
IFP MOTION FILED
Yes ☒  No ___
COPIES SENT TO
Court ___  ProSe ☒

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SEVAK MESROBIAN,
[A70-299-076],

    Petitioner,

v.

TOM RIDGE, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, JOHN ASHCROFT, ATTORNEY GENERAL, RON SMITH, DIRECTOR OF SAN DIEGO FIELD OFFICE, BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, HECTOR NAJERA, OFFICER-IN-CHARGE,

    Respondents.

Civil Action No.

**'03 CV 02276    R (NLS)**

PETITION
FOR
WRIT OF HABEAS CORPUS

[28 U.S.C. § 2241]

## I.

### INTRODUCTION

The petitioner, Sevak Mesrobian, respectfully petitions this Court for a writ of habeas corpus to remedy his unlawful detention.

The petitioner is in the custody of the Secretary of the Department of Homeland Security and the Attorney General of the United States (hereinafter "respondents"). He is detained at the respondents' detention facility in San Diego, California, under the control of the officer in charge.

---

[1] The petitioner is filing this petition for a writ of habeas corpus with the assistance of Lori B. Schoenberg and the Federal Defenders of San Diego, Inc., which drafted the instant petition. That same counsel also assisted the petitioner in preparing and submitting his request for the appointment of counsel.

1

## II.

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 1331, 2241(c)(1) and (3), and U.S. Const. art. I., § 9, cl. 2, because the petitioner is being unlawfully detained as a result of the Bureau of Immigration and Customs Enforcement's misunderstanding of the provisions of 8 U.S.C. § 1231(a)(6). See Zadvydas v. Davis, 533 U.S. 678, 686-690 (2001). Moreover, his detention violates the Constitution, the laws, and the treaties of the United States. See Magana-Pizano v. INS, 200 F.3d 603, 610 (9th Cir. 2000) (other internal citations omitted); Goncalves v. Reno, 144 F.3d 110, 119 (1st Cir. 1998). Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 482-83 (1999), makes clear that the petitioner's habeas petition is not barred by 8 U.S.C. § 1252(g).

Venue is proper in this district because the petitioner's removal proceedings were held here, and because the petitioner is detained here. See 28 U.S.C. § 2241, et. seq., and 28 U.S.C. § 1391(e).

## III.

## BACKGROUND

The petitioner was lawfully admitted into the United States. The petitioner has been ordered removed by the respondents, as a result of criminal convictions that he has previously incurred. Since he cannot be removed to his country of origin, he is being held by the respondents, based upon their misunderstanding of their statutory authority to indefinitely detain non-removable aliens under 8 U.S.C. § 1231(a)(6).

Ron Smith is the director of the San Diego field office of the Bureau of Immigration and Customs Enforcement. He administers federal immigration laws on behalf of the Secretary of Homeland Security in the federal judicial district for the Southern District of California. In Mr. Smith's capacity as the director of the local office of the Bureau of Immigration and Customs Enforcement, he has immediate control and

custody over the petitioner. Hector Najera is the officer in charge of the detention facility holding the petitioner.

The respondents identify the petitioner as a citizen of Iran. The petitioner entered the custody of the respondents on January 14, 2003. A federal immigration judge ordered the petitioner removed from the United States on May 16, 2003. The petitioner did not seek further relief from his order of removal in the Board of Immigration Appeals or in the Court of Appeals for the Ninth Circuit. Consequently, his order of removal became final on May 16, 2003, or on the date that the immigration judge issued the order of removal. See 8 C.F.R. § 241.1 (describing the circumstances in which an administrative order of removal or deportation becomes final). During the period in which the petitioner has been in the custody of federal immigration officials, the government of Iran has failed to issue travel documents that would permit him to be removed from the United States and to enter that country. The government of Iran has not indicated that it would allow the petitioner to be removed to that country in the reasonably foreseeable future.

## IV.

## ARGUMENT

**THIS COURT MUST RELEASE THE PETITIONER FROM THE CUSTODY OF THE BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT UNDER APPROPRIATE CONDITIONS OF SUPERVISION.**

Federal law requires the Attorney General to remove a deportable or inadmissible alien from the United States within a ninety-day period after an immigration judge's order of removal becomes administratively final. See 8 U.S.C. § 1231(a)(1); see also Ma v. Ashcroft, 257 F.3d 1095, 1104 (9th Cir. 2002) (other internal citations omitted). During the ninety-day removal period, the alien must be detained in custody. See 8 U.S.C. § 1231(a)(2). If the Attorney General cannot remove the alien within the statutory removal period, the Attorney General can release the person in question under appropriate conditions of supervision, including regular appearances before an immigration officer, travel restrictions, and medical or psychiatric

examinations, among other requirements. See Ma, 257 F.3d at 1104; see also 8 U.S.C. § 1231(a)(3) (listing the conditions of supervision for deportable or removable aliens released from immigration custody at the expiration of the ninety-day removal period). The Attorney General may detain a deportable or inadmissible alien beyond the ninety-day removal period, however, when it determines that the person in question would "be a risk to the community or unlikely to comply with the order of removal" if released from immigration custody. 8 U.S.C. § 1231(a)(6).

In Zadvydas, the Supreme Court held that 8 U.S.C. § 1231(a)(6) authorizes only a period of detention that is reasonably necessary to bring about an alien's removal from the United States, and "does not permit indefinite detention." Zadvydas, 533 U.S. at 689. If a deportable alien has not been released from immigration custody within a six-month period after the issuance of a final order of removal or deportation, "the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal." Zadvydas, 533 U.S. at 701; see also Ma, 257 F.3d at 1102 n.5 (declaring that "in Zadvydas, the Supreme Court read the statute to permit a 'presumptively reasonable' detention period of six months after a final order of removal -- that is, three months after the statutory removal period has ended") (other internal citations omitted). When a deportable alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701. Federal officials must release a deportable alien from custody under appropriate conditions of supervision when no "significant likelihood of removal [exists] in the reasonably foreseeable future." Id. at 699-700; see also Ma, 257 F.3d at 1100 (concluding that federal law does not permit the Attorney General to hold someone "for more than a reasonable period" beyond the ninety-day statutory removal window, and mandates release of the alien under 8 U.S.C. § 1231(a)(3), when the alien "has already entered the United States and there is no reasonable likelihood that a foreign government will accept the alien's return in the reasonably foreseeable future").

The petitioner has been detained in the custody of the respondents since January 14, 2003. Since then, the Irann government has not issued travel documents that would facilitate the petitioner's return to that country. The 180-day statutory removal period expired on or about November 12, 2003. See 8 U.S.C. § 1231(a)(1)(B)(i). There is no indication that the government of Iran intends to change its position regarding the petitioner's status in the future. Although Ma involved a petitioner from Cambodia, which does not have a repatriation agreement with the United States, the Ninth Circuit has not expressly limited its holding to cases involving repatriation agreements. Rather, the logic of Ma applies to "those aliens whose countries refuse to take them for other reasons, [to] others who may be effectively 'stateless' because of their race and/or place of birth," and to persons whose country "would not take them back." Ma, 257 F.3d at 1104, 1112-13 (citing Caranica v. Nagle, 28 F.2d 955 (9th Cir. 1928)) (listing circumstances in which countries of origin might refuse to accept removable aliens) (other internal citations omitted).

The petitioner's detention beyond the presumptively reasonable detention period announced in Zadvydas violates §1231(a)(6) because it is not reasonably likely that the petitioner can be removed to Iran in the reasonably foreseeable future. See Zadvydas, 533 U.S. at 700; see also Ma, 257 F.3d at 1112 (holding that section 1231 mandates the release of deportable aliens "at the end of the presumptively reasonable detention period" when "there is no repatriation agreement and no demonstration of a reasonable likelihood that one will be entered into in the near future"). Therefore, the petitioner must be released under the conditions set out in §1231(a)(3). See Zadvydas, 533 U.S. at 700-01.[2]

---

[2] The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, ordinarily requires a prisoner who "brings a civil action or files an appeal in forma pauperis" to "pay the full amount of a filing fee" and to cover subsequent court fees incurred during the litigation of the inmate's claim. 28 U.S.C. § 1915(b). In Naddi v. Hill, however, the Ninth Circuit concluded that "[a] review of the language and intent of the PLRA reveals that Congress was focused on prisoner civil rights and conditions cases, and did not intend to include habeas proceedings in the scope of the Act." Naddi v. Hill, 106 F.3d 275, 277 (9th Cir. 1997). Consequently, the Ninth Circuit declined to apply the in forma pauperis provisions of the PLRA to habeas petitioners, and to thereby require habeas petitioners to pay the full filing fees and court costs. See id. Since the

## V.

## REQUESTED RELIEF

The petitioner requests that this Court order the respondents to release him from custody under the conditions of supervision set forth in 8 U.S.C. §1231(a)(3).

Respectfully Submitted,

Dated: 11.12.03

_____
SEVAK MESROBIAN
Petitioner

---

petitioner in the instant case is filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241, rather than another civil action for relief from the conditions of confinement, such as a civil suit under 42 U.S.C. § 1983, he is not required to pay the full amount of filing fees and court costs to pursue habeas relief.

**ORIGINAL**

(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS** SEVAK MESROBIAN
San Diego Detention Center (CCA)
P. O. Box 439049
San Ysidro, CA  92143

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS** BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT
c/o CAROL C. LAM, UNITED STATES ATTORNEY
Attn: Robert Plaxico, Assistant US Attorney
880 Front Street, San Diego, CA  92101

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

'03 CV 02276   R (NLS)

ATTORNEYS (IF KNOWN)
CAROL C. LAM, UNITED STATES ATTORNEY
Attn: Robert Plaxico, Assistant US Attorney
808 Front Street
San Diego, CA  92101

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

28 U.S.C. 2241

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☒ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appelate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   DEMAND $   Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   JUDGE _____   Docket Number _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)